UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD BRAUD (#93162)

VERSUS                                                        CIVIL ACTION

N. BURL CAIN                                                  NUMBER 09-68-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 11, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD BRAUD (#93162)

VERSUS                                          CIVIL ACTION

N. BURL CAIN                                    NUMBER 09-68-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and unidentified prison "officials operating mind-probing devices" at the penitentiary. Plaintiff alleged that he is being tormented by subliminal messages being sent by unidentified homosexual and bisexual inmates.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that unidentified inmates in possession of "mind-probing devices" or "Sci-Fi Devices" are conducting secret experimental operations by sending the plaintiff subliminal notions, ideas, concepts and mental projections of homosexual and bisexual relations.  Plaintiff further alleged that other prisoners are circulating lies about his character.

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.[1]

---

[1] Plaintiff's supporting memorandum describes a physical attack by another inmate, Clarence Winfrey, and alleges that Winfrey threw what the plaintiff believes was human waste on the plaintiff.  Plaintiff also believes that a $1,000 "contract" has been issued on his life by an inmate homosexual cult at the prison. These allegations, and other similar allegations in the memorandum, seem to be offered as background information rather than as the basis for a separate claim or claims against defendant Warden Cain. This conclusion is supported by fact that Warden Cain in not mentioned in connection with any of these allegations.
(continued...)

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Because it is clear that the plaintiff's claims against defendant Warden Cain have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, February 11, 2009.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
Furthermore, although the Prayer for Relief in the plaintiff's memorandum seeks damages and declaratory relief, it also seeks an injunction ordering the defendant "to cease use of the mind-probing devices."